

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 8579 | DATE | 3/9/2004 |
| CASE TITLE | Elizabeth Kemble vs. Jo Anne Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ___.

(3) ☐ Answer brief to motion due___. Reply to answer brief due___.

(4) ☐ Ruling/Hearing on ___ set for ___ at ___.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.

(7) ☐ Trial[set for/re-set for] on ___ at ___.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion for summary judgment [11-1] is granted and the Commissioner's motion [14-1] is denied. Judgment is entered pursuant to Fed.R.Civ.P. 58 in favor of plaintiff and against the defendant. Case terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 1 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | AJC | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/9/2004 | |
| | | | date mailed notice | |
| hmb | courtroom deputy's initials | | hmb | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELIZABETH KEMBLE,                )
                                 )
         Plaintiff,              )
                                 )
    v.                           )    Case No. 02 C 8579
                                 )
JO ANNE B. BARNHART,             )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
         Defendant.              )

## MEMORANDUM OPINION AND ORDER

Plaintiff Elizabeth Kemble ("Kemble") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") finding that a trust established for Kemble was a countable resource for purposes of determining her eligibility for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Cross-motions for summary judgment are pending. For the reasons explained below, Kemble's motion is granted, and the Commissioner's motion is denied.

## BACKGROUND

Kemble suffers from multiple sclerosis, hypertension, heart disease, hyperthyroidism, diabetes, schizophrenia, and short-term memory loss. Since July of 1986, Kemble has been deemed disabled as defined in § 1614(a)(3) of the Social Security Act, 42 U.S.C. § 1382(a)(3). On December 27, 1995, Kemble was injured when she was struck by a sport utility vehicle ("SUV") while walking on a sidewalk. In February 1997, Kemble settled a personal injury lawsuit against the driver of the SUV. The funds from the settlement were placed in a Supplemental Needs Trust ("Trust") pursuant to court

order. (R. 37-47).[1] The order authorized the transfer of the settlement funds to the Trust, the Circuit Court of Cook County was named as the grantor, and Kemble's sister, Valerie Kemble, was appointed Trustee. The Trust names Kemble as the "primary beneficiary" and the State of Illinois (the "State") as the "sole successor beneficiary." (R. 37-38). The Trust contains a Medicaid payback provision stating that upon Kemble's death, the remaining assets are to be used to reimburse the appropriate State of Illinois agencies for benefits provided Kemble during her lifetime.[2] (R. 41). Any assets remaining after reimbursement to the State of Illinois are to be distributed to Kemble's estate. Id.

On July 16, 1998, Kemble completed a Social Security Administration ("SSA") statement for the purpose of determining continuing eligibility for SSI payments and reported the assets held in the Trust. (R. 19-20). On August 5, 1998, the Assistant Regional Commissioner ("ARC") of the SSA asked the Office of the General Counsel ("OGC") to provide a legal opinion concerning whether the Trust assets would be a countable resource to Kemble (R. 22). On April 12, 1999, the ARC concluded, based on the legal opinion provided by the OGC, that "the subject trust principal should be considered a resource to Elizabeth for SSI purposes, because as grantor, and sole beneficiary, she can revoke the trust and use the trust principal for her support and maintenance." (R. 28). The decision was affirmed on reconsideration. (R. 30-34). Kemble, represented by her attorney, appeared

---

[1] "A supplemental needs trust is a type of trust that limits the trustee's discretion as to the purpose of the distributions. This type of trust typically contains language that distributions should supplement, but not supplant, sources of income including SSI or other government benefits." POMS SI 01120.200(B)(13).

[2] 42 U.S.C. 1396p(d)(4)(A) provides, among other things, that a trust will be counted in determining eligibility for Medicaid benefits unless a provision is included in the trust providing that the State agency administering the Medicaid program will receive all amounts remaining in the trust upon the death of the beneficiary up to the amount of medical assistance paid out by the State on behalf of the individual.

at a hearing on December 6, 2000 before administrative law judge Cynthia M. Bretthauer (R. 89-106). Kemble's sister also appeared. On February 9, 2001, the ALJ issued a decision concluding that Kemble is the grantor of the Trust and the sole beneficiary of the Trust. (R. 13). Thus, the ALJ found the Trust revocable and a resource to Kemble. (R. 12-15). The ALJ's decision rendered Kemble ineligible for SSI benefits. The Appeals Council denied Kemble's request for review. (R. 4-5). Kemble seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon a legal error. Stevenson v. Chater, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. Estok v. Apfel, 152 F.3d 636, 638 (7th Cir. 1998). The Court need not defer to conclusions of law, and if the Commissioner commits an error of law, the Court may reverse without regard to the volume of evidence in support of the factual findings. White v. Apfel, 167 F.3d 369, 373 (7th Cir. 1999).

"Federal regulations prohibit a person from collecting SSI benefits if that person has more than $2000 in resources available for care or maintenance." White, 167 F.3d. at 371. Both sides rely upon the SSA's Program Operation Manual System ("POMS") in analyzing whether Kemble's Trust is a countable resource.[3] The POMS provides that "[i]f an individual does not have the legal authority to revoke the trust or direct the use of the trust assets for his/her own support and maintenance, the trust

---

[3] "The POMS is a handbook for internal use by employees of the Social Security Administration." Parker v. Sullivan, 891 F.2d 185, 189 fn.4 (7th Cir. 1989).

-3-

principal is not the individual's resource for SSI purposes." POMS SI 01120.200(D)(2) (emphasis in original); see also 20 C.F.R. § 416.1201(a) (stating ". . . .resources means cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance.").[4] Whether a trust is revocable depends on the terms of the trust agreement and/or state law. Id.

To determine whether Kemble's Trust is revocable, the Social Security Administration looks to Illinois law. A trust is generally irrevocable if the grantor fails to reserve the power to revoke or modify it. Restatement (Second) of Trusts §§ 330, 331 (1957); Restatement (Third) of Trusts § 63, Comment c (2003) (stating "[w]here the settlor has failed expressly to provide whether a trust is subject to revocation or amendment, if the settlor has retained no interest in the trust . . . it is rebuttably presumed that the settlor has no power to revoke or amend the trust."); Williams v. Springfield Marine Bank, 475 N.E.2d 1122, 1124 (Ill.App. 1985). The Commissioner points out that under general trust

---

[4] The Commissioner does not argue that Kemble can direct the Trustee to pay over the trust principal for her support and maintenance. Under the terms of the Trust, Kemble does not have authority to direct the payment of trust principal for her support and maintenance. Kemble's Trust clearly states that it was designed to provide only for her supplemental care and not cause the termination or reduction of any benefits from any government program. Kemble expressed this intent in several provisions. First, the Trustee is given sole discretion to make distributions of income and principal from the Trust to enrich Kemble's life and not for her "ordinary care, comfort and health, including basic food, clothing and shelter, so long as there are sufficient monies available for those purposes from federal, state, and local governmental program, or private agencies, or a combination thereof." (R. 38); see also (R. 40) (stating "The Trust income and principal shall not be made available to provide for ELIZABETH KEMBLE's primary or basic support."). The Trustee is explicitly prohibited from making any distributions that would "exceed those amounts or limits as set forth by statute and/or regulation in the aggregate which may cause the termination or reduction of any benefits" from state, federal or local government programs. (R. 38-39). The Trustee is similarly directed "to use so much of the income and principal of the Trust as in its sole discretion believes will enhance the quality of ELIZABETH KEMBLE's life without disqualifying [her] from any state, federal, or local benefits or programs then providing for [her] needs." (R. 39). The Trustee has no authority to distribute assets to Kemble at any time; and neither Kemble nor the guardian "have any right or power to demand distribution from the Trust at any time." Id.

-4-

law and Illinois law, a trust that purports to be irrevocable can be revoked if the settlor of the trust is also the sole beneficiary. Restatement (Second) Trusts § 339 (1957); Restatement (Third) Trusts §65, Reporter's Notes (2003); Vlahos v. Andrews, 1 N.E.2d 59, 62 (Ill. 1936); Stewart v. Merchants National Bank of Aurora, 278 N.E.2d 10 (Ill.App. 1972). Kemble does not dispute the ALJ's finding that she is the settlor of the Trust.[5] The dispositive issue, then, for review is whether substantial evidence supports the ALJ's finding that Kemble is the only beneficiary of the Trust. If Kemble is the sole beneficiary, she can revoke the Trust, it is a countable resource for SSI purposes, and she loses her SSI monthly disability income.

In Illinois, courts determine the intent of a trust settlor by "analyzing both the words used in the instrument and the circumstances under which they are drafted...." Harris Trust & Savings Bank v. Beach, 513 N.E.2d 833, 834 (Ill. 1987); see also Bescor, Inc. v. Chicago Title & Trust Co., 446 N.E.2d 1209, 1213 (1983) (stating in Illinois, the "test for determining who is the beneficiary of an express trust is intent of the parties imposing the trust (Restatement (Second) of Trust sec. 127 (1959)), and this intention will be ascertained in the first instance, from the express language of the document creating the trust."). "When, however, the instrument fails to make the settlor's or testator's intention clear, courts often resort to rules of construction to determine the meaning of the terms used in the document. Id.

The ALJ's finding that Kemble did not intend for the State of Illinois to have a beneficial interest in the Trust property is not supported by substantial evidence. The Court's analysis begins with the language of the Trust itself. The terms of Kemble's Trust are clear and unambiguous. The

---

[5] Although the Trust identifies the Circuit Court of Cook County as the "Grantor," Kemble is the true grantor of the trust because the trust was formed with her assets. POMS SI 01120.200(B)(2); POMS SI 01120.200(L)(3).

Trust language shows an unequivocal intent to designate the State of Illinois as a beneficiary by expressly identifying the State of Illinois as the "sole successor beneficiary." See Restatement (Second) of Trusts § 127 (1957) (stating "[a] person is a beneficiary of a trust if the settlor manifests an intention to give him a beneficial interest. . . ."); Restatement (Third) Trusts § 48 (2003). The Trust also provides that upon Kemble's death, the State will be reimbursed for medical assistance paid on behalf of Kemble during her lifetime:

> Pursuant to ARTICLE THREE, below, the State of Illinois is the sole successor beneficiary, and, accordingly, shall receive all amounts remaining in the trust upon the death of ELIZABETH KEMBLE, up to an amount equal to the total medical assistance (Medicaid/Public Aid) paid on behalf of ELIZABETH KEMBLE, under the State of Illinois plan operated under and in accordance with the applicable federal medical assistance program (Medicaid Statutes and Regulations).

(R. 38). Thus, Kemble has set aside property for payment of a debt to the State of Illinois and has expressed her intention to create a beneficiary interest in the State of Illinois. See Quinchett v. Massanari, 185 F.Supp.2d 845 (S.D. Ohio 2001) (holding that a special needs trust established for the benefit of a minor child that named the State of Ohio as contingent beneficiary and provided for reimbursement to the state for medical assistance paid on behalf of the child upon termination of the trust was irrevocable under Ohio law, and thus, not a countable resource for SSI eligibility.).

The Commissioner nevertheless argues that the ALJ properly found that Kemble did not intend that the State of Illinois be a beneficiary of the Trust. The ALJ found that "[t]he naming of the state of Illinois as sole beneficiary of the trust, to repay Medical Assistance received, does not create a named residual beneficiary of the trust." (R. 13). The ALJ reasoned that the Medicaid payback provision is required to preserve Kemble's eligibility for Medicaid benefits and does not confer a benefit to the State because the money being repaid is for benefits that the State previously bestowed on Kemble. Id. The ALJ's reasoning would be more persuasive if nothing in the Trust indicated an

intent to go beyond what was required to create a Medicaid Trust. The ALJ improperly disregarded the unambiguous Trust language which indicates an intent to do more than just preserve Kemble's eligibility for Medicaid benefits. Kemble named the State of Illinois as the "sole successor beneficiary," which was not necessary to qualify for Medicaid benefits. The ALJ's suggestion that the naming of the State of Illinois as the sole successor beneficiary was necessary to preserve Kemble's eligibility for Medicaid benefits is erroneous. Neither the federal statute nor the State's administrative rule implementing the federal law require that in order to qualify for Medicaid, the State must be named as a beneficiary. See 42 U.S.C. § 1396p(d)(4)(A); 89 Ill. Adm. Code 20.347.

The Commissioner also argues that the ALJ's decision should be affirmed by resorting to rules of construction. "Rules of construction . . . are court created presumptions of what the ordinary settlor or testator would have intended the ambiguous terms to mean; they are the court's own assessments of what the person probably meant when the provision was drafted." Harris Trust and Savings Bank, 513 N.E.2d at 834. The Commissioner argues that Kemble's intent was to make the State a creditor of the Trust because the ordinary inference when a debtor creates a trust is that the debtor "does not intend to create it for the creditor, but intends to create it only for his own benefit." 2 Scott on Trusts § 126.1 (4th ed. 1987). However, as the Commissioner recognizes, a court may resort to rules of construction to determine the meaning of the terms used in the document only when the document fails to make the settlor's intention clear. Harris Trust and Savings Bank, 513 N.E.2d at 834. The rules of construction advanced by the Commissioner are inapplicable here. The unambiguous language of the Trust overrides any usual inference that the Trust was created solely for Kemble's benefit. The relevant language of the Trust–"the State of Illinois is the sole successor beneficiary"–evidences a clear intent to confer a benefit on the State of Illinois. See 2 Scott on Trusts § 126.1 (4th ed. 1987) (recognizing that "whether if a trust is created the creditor is a beneficiary of the trust, depends upon

-7-

the manifestation of intention of the debtor").

A finding that Kemble intended the State of Illinois to be a beneficiary of the Trust is consistent with the SSA's policy as expressed in the POMS. POMS SI CHI01120.200(D) provides: "In all States in the Chicago Region, *specifically named persons or entities*, or categories such as parents, siblings, children, issue, or descendants, *are considered residual beneficiaries*. . . . If the trust provides that, upon the beneficiary's death, the trust will reimburse the State for medical assistance provided during the beneficiary's lifetime, the State is considered a creditor, not a residual beneficiary." (Emphasis added). Here, the Trust did not merely require that upon Kemble's death, the Trust would reimburse the State for Medicaid benefits paid on Kemble's behalf. Kemble specifically named a particular entity, the State of Illinois, as the "sole successor beneficiary." Under the Commissioner's own policies, this designation is specific enough, and the Trust is irrevocable. The Commissioner asserts that if Kemble had named other beneficiaries, such as family members, to receive any remaining assets after the State was reimbursed, the Trust would be irrevocable. Def's Memo., p. 14. The Commissioner's position that the Trust must specify a particular person as opposed to a particular entity as the residual beneficiary to be deemed irrevocable has been explicitly rejected by POMS SI CHI01120.200(D) which recognizes that specially named entities are considered beneficiaries.

For the above reasons, the Court concludes that Kemble intended to give the State of Illinois a beneficial interest in the Trust, and the Trust is irrevocable. The Court notes that a contrary holding would not only eliminate Kemble's eligibility for social security benefits, but she would also lose her Medicaid benefits. If the State is not deemed to be a beneficiary, the Trust is considered revocable and Kemble's eligibility for Medicaid benefits under 89 Ill. Admin. Code 120.347(d)(1)) is inadvertently eliminated. Thus, a finding that the State is not a beneficiary would frustrate Kemble's plain intent to create an irrevocable trust preserving her Medicaid eligibility.

-8-

The Trust was designed to maintain Kemble's eligibility to receive government benefits, including Medicaid benefits, notwithstanding the fact that she obtained a personal injury settlement. The Trust terms provide unequivocal evidence that Kemble intended to create a trust which would maintain her eligibility to receive Medicaid benefits. Under the Illinois Administrative Code, a Medicaid trust must be irrevocable. 89 Ill. Admin. Code 120.347(d)(1). Kemble's intent to create an irrevocable Medicaid trust is clear. Kemble expressly stated her intent to create the Trust in accordance with 42 U.S.C. §1396p(d)(4)(A) and 89 Ill. Admin. Code 120.347(d)(1), which govern eligibility for Medicaid. (R. 37). Kemble's Trust contains the Medicaid payback provision which provides that upon the death of Kemble, the State of Illinois will be reimbursed for all Medicaid assistance provided during her lifetime from funds then remaining in the Trust. The Trust provides:

> Unless sooner terminated by exhaustion of corpus, or otherwise, the Trust shall terminate upon the death of ELIZABETH KEMBLE. Specifically, in accordance with 42 U.S.C. 1396p(d)(4)(A) and 89 Ill. Admin Code, Ch. 1, Sect. 120.347(d)(1), the Trust assets remaining at the Death of ELIZABETH KEMBLE shall be paid to the appropriate State agencies, as reimbursement to the State of Illinois for benefits provided to ELIZABETH KEMBLE during ELIZABETH KEMBLE's lifetime.

(R. 41). The terms of the Trust do not allow it to be revoked. In Article Eight, Kemble "expressly waive[d] all right, power and authority to alter, amend, revoke or terminate" the Trust. (R. 46).

Finally, an analysis of the circumstances under which the Trust was drafted confirms that Kemble intended to create an irrevocable supplemental needs trust which would allow her to continue receiving Medicaid and other government benefits. Kemble is a disabled person who was receiving Medicaid benefits at the time she received a personal injury settlement. She obviously wanted to continue receiving such benefits. Kemble's counsel sent a copy of the Trust to the Illinois Department of Public Aid (the "Department") seeking confirmation that the Trust would not jeopardize her Medicaid benefits. (R. 48). An Assistant General Counsel for the Department opined that the terms

of the Trust were consistent with the "provisions of 42 U.S.C. 1396p(d)(4)(A) and with the Department's administrative rule implementing the federal law, 89 Ill.Adm.Code 120.347" and that the creation of the Trust would not adversely effect Kemble's Medicaid eligibility. Id. Disregarding the unambiguous language of the Trust naming the State of Illinois as a beneficiary and finding the Trust revocable would improperly eliminate Kemble's Medicaid eligibility and frustrate her clear intent to maintain her eligibility.

## CONCLUSION

For the reasons stated above, Kemble's motion for summary judgment is granted and the Commissioner's motion is denied. The final decision of the Commissioner in this case is reversed. Kemble's Trust is not a countable resource for purposes of determining her eligibility to Supplemental Security Income. The Clerk is directed to enter judgment pursuant to Fed.R.Civ.P. 58 in favor of plaintiff and against defendant. This case is terminated.

**E N T E R:**

MAR 9 2004

**Nan R. Nolan**
**United States Magistrate Judge**